FILED & ENTERED

OCT 25 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gooch    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>SAUAGA LEOFA,<br><br>            Debtor. | Case No.: 6:12-bk-33086-WJ<br><br>CHAPTER 13<br><br>**ORDER REGARDING THE DEBTOR'S MOTION TO EXTEND TIME FOR FILING SCHEDULES AND ADDITIONAL DOCUMENTS** |

The Court has reviewed the motion of the debtor, Sauaga Leofa ("Debtor"), entitled "Notice of Motion and Motion for Extension of Time to File Petition Documents; Memorandum of Points and Authorities; Declaration of Joseph R. Manning, Jr. In Support Thereof" ("Motion"). The Debtor has filed an incomplete chapter 13 petition and seeks an extension of the deadline to file various documents. For the following reasons, the Motion is denied.

First, the Debtor commenced this bankruptcy case voluntarily which means the Debtor selected the date and time of the filing of this bankruptcy case. The Motion does not explain why the Debtor elected to file the case on a date when the Debtor was either unable or unwilling to file all required schedules and documents. The Motion does not explain why the Debtor did not act in

- 1 -

1    the weeks and months prior to filing the case to prepare all missing schedules and documents

2    prior to the filing of the bankruptcy case.  The Motion does not explain why the Debtor did not

3    take the necessary steps to research, investigate and complete the missing schedules and

4    documents during the weeks and months prior to the filing of the bankruptcy case or during the

5    subsequent fourteen day period.  The Motion appears to indicate that the Debtor filed the

6    bankruptcy case with little or no planning in advance but the failure to plan in advance is not

7    explained in any manner.  Therefore, good cause for an extension has not been demonstrated.

8          Second, bankruptcy law requires debtors to file complete schedules identifying all assets,

9    debts and other financial matters in order to provide information to creditors and the court to

10    evaluate for numerous reasons including, but not limited to, (1) whether the bankruptcy case has

11    been filed in good faith, (2) whether an objection to the discharge of a debt is warranted,

12    (3) whether an objection to the dischargeability of a debt is appropriate, (4) whether exemptions

13    asserted are valid and (5) to evaluate whether the debtor has proposed a viable plan and whether

14    the plan treats creditors properly in a chapter 13 case.  Various deadlines exist (many of them

15    quite short) for creditors and the Office of the United States Trustee to take action in a bankruptcy

16    case (i.e. object to discharge, objection to the dischargeability of debt, object to a plan) and those

17    parties are prejudiced by delays in the submission of complete and accurate schedules.  Granting

18    the Motion would reduce the (already) brief period of time that many parties-in-interest have to

19    take action in this case.  Therefore, it is important that debtors file full and complete schedules

20    with their petition or (at the latest) within fourteen days thereafter to avoid prejudice to other

21    parties.

22          Finally, pursuant to Rule 3015-1(b)(3) of the Local Bankruptcy Rules, the "debtor must

23    serve a notice of the hearing on confirmation of debtor's chapter 13 plan, along with a copy of the

24    chapter 13 plan, on all creditors and the chapter 13 trustee at least 28 days before the date first set

25    for the § 341(a) meeting of creditors, using the court-mandated F 3015-1 form."  In light of the

26    provisions of this rule, granting an extension in chapter 13 cases to file schedules and other

27    documents is usually impractical because in most chapter 13 cases insufficient time will exist for

28    a debtor to comply with the service requirements of Rule 3015-1(b)(3) if the fourteen day

1  deadline to file missing schedules and documents is extended.  Indeed, in this case, the meeting of
2  creditors in this case has been set for November 28, 2012 and the hearing regarding confirmation
3  of the Debtor's chapter 13 plan is set for the same date.
4
5      Therefore, the Court hereby ORDERS, ADJUDGES AND DECREES:
6
7      1.    The Motion is denied.
8
9  IT IS SO ORDERED.
10                                           ###

DATED: October 25, 2012

_____
United States Bankruptcy Judge

- 3 -

| In re:  Sauaga Leofa | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER:  6:12-bk-33086-WJ |

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify* **ORDER DENYING DEBTOR'S MOTION TO EXTEND THE TIME TO FILE DOCUMENTS**) was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**  Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. The following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Rod (WJ) Danielson (TR)    notice-efile@rodan13.com
- James Hogan    customer.service.bk@americredit.com
- Joseph R Manning    joe@manninglawoffice.com, bkecf@manninglawoffice.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐    Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Sauaga Leofa
13731 Amberview Place
Corona, CA 92880 92592

☐    Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐    Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.
*January 2009*    **F 9021-1.1**